[808 NYS2d 756]

In the Matter of CRAIG E. PARLES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 31, 2006

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was disbarred upon consent by order of the Supreme Court of the State of New Jersey dated June 21, 2005. The disbarment upon consent executed by the respondent on May 31, 2005, indicated his awareness that he was the subject of a pending investigation into allegations that he knowingly misappropriated trust funds. He acknowledged that those allegations were true and that he could not successfully defend himself against any charges based thereon. The respondent consented to disbarment with full knowledge that it is an absolute barrier to ever seeking reinstatement to the New Jersey bar and that an order accepting his disbarment by consent could include the assessment of disciplinary costs.

The petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to file, within 20 days, a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c).

Although served with the petitioner's notice pursuant to 22 NYCRR 691.3 by first class mail dated August 8, 2005, the respondent failed to submit a reply raising any of the enumerated defenses and failed to demand a hearing. Accordingly, the petitioner's motion for the imposition of reciprocal discipline is granted and the respondent is disbarred in New York based upon the disciplinary action taken against him by the Supreme Court of the State of New Jersey.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and FISHER, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Craig E. Parles, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Craig E. Parles, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Craig E. Parles is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent,

clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Craig E. Parles, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).